IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HANNA Q. RHEE,

    Plaintiff,

  vs.

LISA VAN DE HEY, et al.,

    Defendants.

/

No. 2:18-CV-2274-KJM-CMK

FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding pro se, brings this civil action. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.

1 | In this case, plaintiff names the following as defendants: (1) Lisa Van De Hey; and (2) Gatehouse Media California Holdings, Inc., dba The Gridley Herald. See Doc. 1 (plaintiff's complaint), p 1. Plaintiff alleges that this court's jurisdiction is based on the existence of a federal question. See id. According to plaintiff, defendants violated her rights under 42 U.S.C. § 1983 by denying her equal protection and due process. See id. at 1, 5-6.

The court finds that it lacks jurisdiction to hear plaintiff's case under 28 U.S.C. § 1331 because she has not alleged a cognizable federal question. Specifically, private parties, such as the defendants named herein, are not acting under color of state law for purposes of liability under 42 U.S.C. § 1983. See Price v. Hawai'i, 939 F.2d 702 (9th Cir. 1991).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE